UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| v.    ) | Case No. 09-CR-20016 |
| ) | |
| MARIO CHALMERS,    ) | |
| ) | |
| Defendant.    ) | |

**OPINION**

Defendant Mario Chalmers filed this Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#96) on January 24, 2014.  This court appointed the Federal Public Defender's Office to represent Defendant on this motion on February 12, 2014.  Both Defendant and the government have fully briefed the motion.  For the following reasons, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#96) is DENIED.

BACKGROUND

On October 22, 2009, Defendant, Mario Chalmers, pled guilty to conspiracy to distribute 50 or more grams of crack cocaine with intent to distribute in violation of 21 U.S.C. § 846.  Defendant faced a statutory mandatory minimum sentence of 20 years imprisonment.  On January 20, 2011, the court sentenced Defendant to 168 months in the Federal Bureau of Prisons (BOP) after reducing his sentence pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Guideline §5K1.1. Defendant did not appeal and his conviction became final on February 3, 2011.  Defendant filed a pro se Motion for Retroactive Application of the Sentencing Guidelines Pursuant to 18 U.S.C. §

3582(c) (#76) on October 27, 2011. On February 7, 2012, the court entered an Order (#79) denying the motion because Defendant had been sentenced pursuant to a statutory mandatory minimum and the Sentencing Guidelines. Defendant filed a Motion to Restore Time-Credit Computations (#92) on December 27, 2013, arguing that the court should grant him time earned "from the United States government for his testimony in a capitol murder case in which he was a witness" in December 2012. This court denied that motion in an Order (#95) on January 21, 2014, for lack of subject matter jurisdiction.

Defendant filed the instant Motion for the Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#96) on January 24, 2014. In the motion, Defendant argues: (1) he is entitled to a sentence reduction under the Fair Sentencing Act (FSA) because he was arrested before, but sentenced after, the August 3, 2010 effective date of the FSA; (2) he was heavily influenced in his youth by the "darker-side of the hip-hop culture" and made bad decisions based on that influence; (3) that he was young and had only one prior conviction before the instant offense; and (4) that he has rehabilitated himself and participated in numerous prison programs since being incarcerated. The government filed its Response (#97) on January 30, 2014, arguing that, as with Defendant's previous sentence reduction motions, this court has no subject matter jurisdiction. This court entered an Order (#98) on February 12, 2014, appointing the Federal Defender's Office and directing the Federal Defender to file a brief stating its position on whether Defendant may be entitled to a sentence reduction under *Dorsey v. United States*, 132 S.Ct. 2321 (2012), and, if so, whether the proper vehicle for pursuing such a reduction is a motion under §§ 3582(c)(2) or (c)(1)(B), or § 2255. Defendant's Brief (#99) was filed on March 11, 2014. The government's Response (#100) was filed April 11, 2014.

ANALYSIS

*3582(c)(2)*

Defendant argues that his sentence should be reduced under § 3582(c)(2). First, in support, Defendant cites to the Seventh Circuit's decision in *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013), which involved the very rare situation where the Sentencing Guidelines range was higher than the statutory mandatory minimum, and, therefore, the court held that the Guidelines range was not affected by the statutory minimum and could be lowered when the Sentencing Guidelines were retroactively lowered. *Wren*, 706 F.3d at 864. In this case, as this court has noted in prior orders, Defendant's sentence was not based on the offense level set forth in §2D1.1 of the Sentencing Guidelines, which was lowered by Amendment 750 to the Guidelines, but rather the sentence was based on the statutory mandatory minimum. Therefore, *Wren* does not apply to Defendant's case.

Defendant next argues that, because he was ultimately sentenced below the statutory mandatory minimum due to a downward departure for substantial assistance pursuant 18 U.S.C. § 3553(e) and United States Sentencing Guideline §5K1.1, he should be eligible for a sentence reduction under § 3582(c)(2). Defendant acknowledges that such an argument was rejected by the Seventh Circuit in *United States v. Poole*, 550 F.3d 676 (7th Cir. 2008). However, Defendant argues that *Poole* has been superseded by subsequent amendments to the Sentencing Guidelines and in support cites to cases from the Third Circuit (*United States v. Savini*, 733 F.3d 56 (3rd Cir. 2013)) and D.C. Circuit (*In re Sealed Case*, 722 F.3d 361 (D.C. Cir. 2013)) Courts of Appeal. Those courts, in those cases, held that a defendant subject to a statutory mandatory minimum but ultimately sentenced below that minimum as a result of § 3553 motion by the government for substantial assistance, was eligible to move for a reduction in sentence pursuant to § 3582(c)(2) where the

sentencing range had later been lowered by the Sentencing Commission. *Savini*, 733 F.3d at 65-66; *In re Sealed Case*, 722 F.3d at 368. These cases would reject the rationale and holding of *Poole* in the instant case.

The Seventh Circuit, however, recently reaffirmed *Poole* and rejected the argument being advanced by Defendant. In *United States v. Johnson*, — F.3d —, 2014 WL 1061098 (7th Cir. Mar. 19, 2014), the defendant was charged in 2007 and in 2011 plead guilty to possession of crack cocaine with intent to distribute and possession of a gun in furtherance of drug crime. The defendant was sentenced to 60 months in the BOP under § 3553(e), a departure from the 120-month mandatory minimum for repeat drug offenses because he cooperated with the government. The defendant argued that he was entitled to a reduction in his sentence under § 3582(c)(2) due to amendments to the crack cocaine Guidelines. The Seventh Circuit rejected this contention, holding:

> "We cannot reduce a defendant's sentence under § 3582(c)(2) if the original sentence was based on a statutory minimum. *Poole*, 550 F.3d at 679-80. Because Johnson had a prior felony drug conviction, he was subject to a 120-month mandatory minimum. 21 U.S.C. § 841(b)(1)(B). The district court sentenced Johnson below this minimum at the government's request, pursuant to 18 U.S.C. § 3553(e). Although the district court departed from the mandatory minimum, Johnson's sentence was still based on the mandatory minimum, not the subsequently-amended Sentencing Guideline. *Poole*, 550 F.3d at 678.
>
> Johnson tries to argue that *Poole* was superseded by the 2011 amendments to the Sentencing Guidelines, which defined 'applicable guideline range' for the first time. He suggests that the definition includes only the criminal history category and

4

offense level calculations, without consideration of any statutory mandatory minimums. But the commentary Johnson points to defines 'guideline range' as 'the range that corresponds to the offense level and criminal history category *determined pursuant to § 1B1.1(a).*' U.S.S.G. § 1B1.1 cmt. n. 1(A) (emphasis added) [emphasis added by Seventh Circuit in *Johnson*]. Subsection 8 of § 1B1.1(a) directs a sentencing judge to apply parts B through G of Chapter 5 of the guidelines. This includes § 5G1.1, which provides that where a minimum sentence is greater than the guidelines sentence, the minimum sentence becomes the guidelines sentence. The statutory minimum is part of the 'applicable guideline range.' Johnson's argument is a non-starter." *Johnson*, — F.3d —, 2014 WL 1061098.

Based on the Seventh Circuit's opinion in *Johnson* affirming *Poole*, the court finds that *Poole* applies to bar Defendant's claim for a sentence reduction under § 3582(c)(2). The court lacks jurisdiction to modify Defendant's sentence under § 3582(c)(2). Defendant's motion on this ground is DENIED.

*§ 3582(c)(1)(B)*

The court also requested Defendant to brief whether he was entitled to a sentence reduction under § 3582(c)(1)(B). That statute states:

> "The court may not modify a term of imprisonment once it has been imposed except that –
> 
> in any case –
> 
> the court may modify an imposed term of imprisonment to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" 18

U.S.C. § 3582(c)(1)(B).

Defendant argues that this provision authorizes this court to modify his sentence pursuant to the Fair Sentencing Act. Defendant cites to *United States v. Price*, 2012 WL 3263577 (S.D. Ill. Aug. 9, 2012) for support. In *Price*, the defendant was charged and convicted before, but sentenced after, the August 3, 2010 effective date of the FSA. The defendant was sentenced to a mandatory minimum sentence of 60 months in the BOP. Following the issuance of *Dorsey*, he filed a motion for reduction of sentence under § 3582(c)(2). The government agreed that the defendant was entitled to a reduction under *Dorsey*, but argued that the proper vehicle for such a reduction was a § 2255 motion and that it was unclear whether the defendant could receive a reduction under § 3582(c)(2).

The court found that the defendant was entitled to a sentence reduction under § 3582(c)(2) because "not only has defendant's sentencing range been lowered by the Sentencing Commission, but the very statutory mandatory minimum upon which defendant was sentenced has either been eliminated or changed based upon increased drug amounts needed to trigger the statutory mandatory minimum." *Price*, 2012 WL 3263577, at *5. The court concluded that a situation "where the statutory mandatory minimum itself has been terminated or amended, is distinguishable from cases that have held that defendants sentenced to a statutory mandatory minimum cannot have their sentences lowered by an amendment to the guidelines[]" and thus found it had jurisdiction to amend the defendant's sentence in accordance with *Dorsey* and the FSA. *Price*, 2012 WL 3263577, at *5. As noted above, however, the Seventh Circuit in *Johnson* recently reaffirmed *Poole* and rejected the argument accepted by the court in *Price* that a defendant can utilize § 3582(c)(2) to receive a *Dorsey* reduction when they have been sentenced pursuant to a statutory mandatory minimum. Thus, to that extent, that portion of the *Price* case has been overruled by the Seventh Circuit.

6

The court in *Price*, however, also cited to § 3582(c)(1)(B) to support a sentence reduction. The court wrote:

> "Moreover, the Court also notes that it believes it would have jurisdiction to modify the terms of imprisonment under 18 U.S.C. § 3582(c)(1)(B) because the Supreme Court held that the Fair Sentencing Act's 'new, more lenient mandatory minimum provisions do apply to those pre-Act offenders' 'who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3.' *Dorsey*, 132 S.Ct. at 2236. Section 3852(c)(1)(B) provides that 'the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute...' 18 U.S.C. § 3582(c)(1)(B). The Supreme Court has thus ruled that the Fair Sentencing Act expressly permits the Court to modify a term of imprisonment for defendants who committed a crack cocaine crime before the Act was enacted but who were sentenced thereafter." *Price*, 2012 WL 3263577, at *6.

Regarding § 2255, the court found it need not address the issue, but noted that it could not recharacterize the defendant's motion as a § 2255 motion unless it informed him of its intent to recharacterize, warned him that the recharacterization would subject subsequent § 2255 motions to the law's second or successive restrictions, and provided him with an opportunity to withdraw or amend the filing. *Price*, 2012 WL 3263577, at *7.

The holding in *Price* was rejected by a different district court just two weeks later in *United States v. Bradley*, 2012 WL 3637747 (D.S.C. Aug. 22, 2012). The court in *Bradley* found that it lacked jurisdiction to modify a defendant's sentence under § 3582(c)(1)(B) based on *Dorsey*, and cited case law holding that "'[t]he unambiguous language of § 3582(c)(1)(B) indicates that, absent

7

other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35.'" *Bradley*, 2012 WL 3637747, at *1, quoting *United States v. Phillips*, 597 F.3d 1190, 1195 (11th Cir. 2010). The *Bradley* court also cited to a Second Circuit case noting that the legislative history of § 3582 contained only one reference to § 3582(c)(1)(B), which described § 3582 as allowing for three "safety valves" in which sentence modifications were permitted, and that § 3582(c)(1)(B) simply noted the authority to modify a sentence if modification was permitted by statute. *Bradley*, 2012 WL 3637747, at *1, citing *United States v. Triestman*, 178 F.3d 624, 629 (2nd Cir. 1999). Thus, the court concluded that "the court's authority to correct Defendant's sentence in this circumstance must derive from 28 U.S.C. § 2255, as [18 U.S.C. § 841], the relevant statute affected by the Supreme Court's *Dorsey* decision, does not 'expressly contemplate, either in its text or context, the modification of a previously-imposed sentence.'" *Price*, 2012 WL 3637747, at *1, quoting *United States v. Garcia-Quintanilla*, 574 F.3d 295, 303 (5th Cir. 2009). The court rejected *Price* and similar court decisions, finding that those decisions were unpublished "and, in light of the positions of several circuit courts as noted above, the court finds these decisions unpersuasive." *Bradley*, 2012 WL 3637747, at *1, n.1; see also *United States v. Little*, 2013 WL 5819629 (E.D. Mich. Oct. 29, 2013).

Having considered the decisions in *Price* and *Bradley*, the court determines that *Bradley* is the more persuasive decision. For the reasons cited by the district court in *Bradley*, Defendant may not pursue a sentence reduction pursuant to *Dorsey* under § 3582(c)(1)(B). Like the courts in *Bradley* and *Little*, the court determines that, if Defendant is to make the case for a *Dorsey*-based sentence reduction at all, he must do so in a § 2255 motion.

*§ 2255*

If a court chooses to recharacterize a defendant's filing as a § 2255 motion, the court must give a defendant the opportunity to amend it to include all grounds he wishes to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits of a § 2255 motion. *Bradley*, 2012 WL 3637747, at *2, citing *Castro v. United States*, 540 U.S. 375, 377 (2003). The court will not recharacterize Defendant's motion (#96) or Brief (#99) as a § 2255 motion. The court agrees with the government that if Defendant wishes to file a § 2255 motion seeking to apply *Dorsey* to his sentence, he should do so in a separate filing so a separate federal habeas case may be opened. The court would appoint the Federal Defender's office to represent Defendant in the habeas proceeding. The government would be allowed to respond.

IT IS THEREFORE ORDERED:

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#96) is DENIED. If Defendant intends to pursue a sentence reduction pursuant to *Dorsey*, the proper vehicle for doing so would be a § 2255 motion. The decision to file such a § 2255 motion is left to Defendant.

ENTERED this 22nd day of April, 2014.

s/ MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE